UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MELVIN ALLEN**                                                                                              **CIVIL ACTION**

**VERSUS**                                                                                                        **NO. 23-5928**

**CONSOLIDATED GOV. MEDICAL**                                                               **SECTION: "D"(1)**
**STAFF E.M.T. BILLIOT, NURSE**

### REPORT AND RECOMMENDATION

Plaintiff, Melvin Allen, a state pretrial detainee, filed this *pro se* federal civil rights action. In his complaint, he sues E.M.T. Billiot (Billiot),[1] accusing him of "malpractice." Specifically, plaintiff alleges that he suffered unpleasant side effects after receiving another inmate's antiseizure medication from Billiot.[2]

To better understand plaintiff's claims, the Court held a Spears hearing in this matter on November 21, 2023. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v.

---

[1] Plaintiff's pleadings are somewhat unclear concerning the intended defendants. The caption on the first page of his complaint reads, "Melvin Allen versus Consolidated Gov. Medical Staff E.M.T. Billiot, Nurse." Rec. Doc. 4, p. 1. In the complaint's listing of the defendants, plaintiff lists "E.M.T. Billiot." Id. at p. 4. Then, on the first page of his pauper application, the caption reads, "Melvin Junis Allen v. Terrebonne Parish Sheriff's Office and Consolidated Gov. Medial [sic] Staff E.M.T. Billiot." Rec. Doc. 5, p. 1. However, any confusion was resolved at the Spears hearing. At that hearing, plaintiff testified that there is an E.M.T Billiot and a Nurse Billiot. He intended to sue **only** E.M.T. Billiot in this lawsuit. He expressly disclaimed any intention to sue the Terrebonne Parish Consolidated Government, the Terrebonne Parish Sheriff's Office, or any individual other than E.M.T. Billiot.
[2] Rec. Doc. 4, pp. 4-5.

Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

At that Spears hearing, plaintiff testified that he was prescribed medication for his knee. On the third night receiving that medication, plaintiff noticed that it was in a cup bearing inmate Terry Naquin's name. Upon noticing Naquin's name, plaintiff asked E.M.T. Billiot if he was sure the medication was correct. Billiot replied that he was sure, stating, "You're Terry Naquin." When plaintiff then corrected Billiot and identified himself as Melvin Allen, Billiot realized that there were two different cups on the medicine cart labeled for Naquin. It was at that point that it became apparent that plaintiff had been given both his knee medication and Naquin's antiseizure medication on all three nights.

When plaintiff complained about the fact that he had been given Naquin's medication, Billiot said that he would check to see what side effects that medication would cause. Plaintiff claims Billiot then left the dorm laughing, saying he would return. However, Billiot did not return as promised, and plaintiff was never treated for the side effects he experienced from taking Naquin's antiseizure medication, namely a headache, dizziness, and nausea.[3]

Plaintiff conceded at the Spears hearing that Billiot had in fact thought plaintiff was Naquin. But plaintiff nevertheless believes that Billiot's actions were inappropriate and that he should have taken plaintiff to the medical unit to "make sure nothing was wrong with [him]" after receiving Naquin's medication.

---

[3] Plaintiff testified that he was also "kind of dizzy with a headache" on the second night he was given Naquin's medication; however, he experienced all three side effects on the third night. In his complaint, plaintiff also alleged that he experienced breathing complications, see Rec. Doc. 4, pp. 4-5, but he did not mention that side effect at the Spears hearing.

Federal law requires that this matter be screened. For example, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, screening is also required by 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[4] Regarding such lawsuits, the statute similarly provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the

---

[4] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

Here, even when plaintiff's complaint is liberally construed,[5] his federal civil rights claims are frivolous and/or fail to state a claim on which relief may be granted.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.  Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

---

[5] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

As noted, plaintiff's claims concern his medical care. However, an inmate's constitutional right to medical care is limited in scope. Specifically, regardless of whether the inmate is a pretrial detainee or a convicted prisoner, his federal constitutional rights with respect to medical care are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). Further, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citations, quotation marks, and brackets omitted).

In this case, plaintiff faults his medical care on two grounds. First, he complains that he should never have been given Naquin's antiseizure medication by E.M.T. Billiot. Second, he complains that E.M.T. Billiot failed to provide anything for the side effects caused by Naquin's medication.[6] However, although both of those incidents are regrettable, neither is a constitutional violation under the facts alleged.

---

[6] Although this second claim was not asserted in the complaint, plaintiff asserted it at the Spears hearing. As noted supra, Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).

As to the claim concerning his receipt of Naquin's medication, plaintiff acknowledged that E.M.T. Billiot mistakenly believed that plaintiff was in fact Naquin. And although plaintiff argues that it was unreasonable for Billiot to have made that same mistake on three successive nights, there is simply no indication that Billiot intentionally gave plaintiff the wrong medication or that this unfortunate occurrence was anything other than a mistake. Such a mistake, while distressing, simply does not rise to the level of constitutional violation. On the contrary, it is clear that a defendant's action of "**negligently or carelessly** giving [an inmate] medication that was not prescribed for him is not a constitutional violation." Hubbard v. Dallas County Sheriff's Dept. Jail Staff, Civ. Action No. 3:18-CV-0653, 2020 WL 2842685, at *4 (N.D. Tex. May 5, 2020) (emphasis added), adopted, 2020 WL 2839216 (N.D. Tex. May 30, 2020); accord Daniels v. Beasley, 241 F. App'x 219, 220 (5th Cir. 2007); Preston v. Normand, Civ. Action No. 10-1667, 2010 WL 5375966, at *5 (E.D. La. Nov. 17, 2010) ("[The inmate] conceded that [the nurse's] alleged provision to him of the wrong medication was an accident, resulting from negligence, and not intentional. Such allegations fail to state a cognizable federal Section 1983 claim as a matter of law."), adopted, 2010 WL 5376345 (E.D. La. Dec. 14, 2010). Simply put, "negligent medical care does not constitute a valid section 1983 claim." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Rather, claims of negligence or medical malpractice arise under **state law**. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *4 (E.D. La. Nov. 13, 2013).

As to plaintiff's second claim concerning E.M.T. Billiot's failure to return and provide anything for the resulting headache, dizziness, nausea, and breathing complications caused by Naquin's medication, that claim fares no better. Even if Billiot's failure to return could be said to

constitute deliberate indifference, a constitutional violation results only when a defendant is indifferent to a **serious** medical need, and not all medical needs qualify as sufficiently "serious." Rather, for constitutional purposes, "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Headaches, dizziness, nausea, and shortness of breath, while uncomfortable, generally do not qualify as serious medical needs in the constitutional sense. See, e.g., Olabisiomotosho v. City of Houston, 185 F.3d 521, 527 (5th Cir. 1999) (finding that wheezing and shortness of breath were not indicative of a serious medical need); Mayo v. Caddo Correctional Center, Civ. Action No. 20-cv-724, 2021 WL 2419451, at *5 (W.D. La. May 26, 2021) ("Minor symptoms such as headaches are not normally considered 'serious medical needs' for which the constitution mandates prompt medical care."), adopted, 2021 WL 2416981 (W.D. La. June 14, 2021); Dowell v. Orleans Parish Sheriff's Office, Civ. Action No. 15-1883, 2016 WL 541264, at *8 (E.D. La. Jan. 14, 2016) ("[I]t cannot be concluded that the headaches and nausea that [plaintiff] described presented a serious medical need that posed a substantial risk of harm for purposes of constitutional analysis."), adopted, 2016 WL 540261 (E.D. La. Feb. 10, 2016); Preston v. Normand, Civ. Action No. 10-1667, 2010 WL 5375966, at *7 (E.D. La. Nov. 17, 2010) ("[I]t cannot be concluded that the conditions [plaintiff] described, consisting of dizziness and a fall resulting in lacerations and headaches, presented serious medical needs that posed a substantial risk of harm during [his] incarceration at the jail."), adopted, 2010 WL 5376345 (E.D. La. Dec. 14, 2010); Turner v. Dallas County Jail, No. 3:04-CV-2165, 2006 WL 13388441, at *4 (N.D. Tex. May 17, 2006) (finding that inmate's allegations of dizziness, shortness of breath, and headaches "fail[ed] to show a serious medical need").

Out of an abundance of caution, the undersigned also notes that Billiot's laughter at the medication mix-up is likewise not actionable. While that response may not have been a particularly empathetic one, "a medical staff member's poor bedside manner is not alone actionable or indicative of deliberate indifference to a serious medical need." McBride v. Soignet, Civ. Action No. 21-525, 2021 WL 4896475, at *4 (E.D. La. Aug. 16, 2021), adopted, 2021 WL 4893698 (E.D. La. Oct. 20, 2021); accord Queen v. Medical Staff of Terrebonne Parish Consolidated Government, Civ. Action No. 21-1469, 2022 WL 1498188, at *6 (E.D. La. Feb. 22, 2022), adopted, 2022 WL 1488132 (E.D. La. May 11, 2022).

Lastly, to the extent, if any, plaintiff intended to assert state law claims, such as ones for negligence or malpractice, the Court should decline to consider them since he has no valid federal claim. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); see also Jackson v. Mizzel, 361 F. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If plaintiff wishes to pursue claims under state law, he should do so in the state courts.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims under state law, if any, be **DISMISSED WITHOUT PREJUDICE** to their being asserted in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __1st__ day of December, 2023.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**